**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5088**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ZARQUROUS LEQUIS SANDERS, a/k/a Carwright,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00332-HEH-3)

Submitted:  January 25, 2011          Decided:  February 11, 2011

Before KING, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zarqurous Lequis Sanders appeals his 137-month prison sentence after pleading guilty to conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006), and bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (2006). On appeal, Sanders contends that his sentence is unreasonable because it is greater than necessary to achieve the purposes of sentencing. We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed taking into account the totality of the circumstances, including the extent of any variance, but giving due deference to the district court's decision that the § 3553(a) factors justify the extent of the variance. Gall, 552 U.S. at 51. When we review a sentence outside the advisory guideline range — whether as a product of a departure or a variance — we consider whether the district court acted reasonably both with respect to

2

its decision to impose such a sentence and with respect to the extent of the divergence from the range. United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

Sanders agreed to a stipulated statement of facts in which he admitted that he committed eight bank robberies. Based on the stipulated robberies, the probation officer determined the combined offense level was twenty-eight by adding five levels for more than five units pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3D1.4 (2008). With a three-level reduction for acceptance of responsibility, Sanders's total offense level was twenty-five; and with his criminal history category IV, his advisory guideline range was 84 to 105 months in prison. Neither party objected to the presentence report, and the district court adopted its findings and calculations.

The Government moved for an upward departure or variance, contending that the advisory guideline range did not adequately address Sanders's conduct or criminal history, and his criminal history category should be raised two levels from IV to VI resulting in a sentencing range of 110 to 137 months. Specifically, the Government asked for a one-level increase to account for the uncounted robberies pursuant to USSG § 3D1.4 cmt. background, and another one-level increase under USSG § 4A1.3(a)(2) because three of Sanders's six prior felonies were not assigned criminal history points and his criminal history

3

category substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes. Sanders argued the Government was asking the district court to second-guess the Sentencing Commission and the judge who gave him a suspended sentence on four of his felonies.

The district court granted the Government's motion and sentenced Sanders at the top of the new range to 137 months in prison. The court found that Sanders's bank robbery spree involved eight banks and $151,342, took place in five separate states over a thirty-seven day period, and Sanders committed the first robbery only six months after being released from prison. The court noted commentary accompanying USSG § 3D1.4 provided that a departure would be warranted in the unusual case where additional offenses resulted in a total of significantly more than five units, and the court found that the facts and circumstances of this bank robbery spree were atypical.

Moreover, the district court found that the guidelines as calculated did significantly underrepresent Sanders's criminal history and likelihood that he would commit other crimes. He had six other prior felony convictions, five of which were for offenses committed as recently as 2006, but he received no criminal history points for three of them. When he committed the bank robberies, he was on a suspended sentence, and the court found his prior sentences had failed to promote

4

respect for the law, provide for deterrence, or protect the community. The court furthermore found the advisory guideline range failed to serve the sentencing factors under § 3553(a).

Based on Sanders's sustained history of criminal activity, the number of convictions for which no criminal points were assessed, his likelihood of continuing criminal activity, failure of prior periods of incarceration, and the seriousness and scope of the series of offenses before the court, the court found the advisory guideline range failed to promote respect for the law, provide for deterrence, and account for the nature and circumstances of the underlying offense. In determining an appropriate range and sentence, the court separately reviewed the ranges for an offense level twenty-five and criminal history category IV and V, and found each to be inadequate. The court determined that a range of 110 to 137 months, and a sentence of 137 months, were each adequate but not longer than necessary to achieve the sentencing objectives under § 3553(a).

After reviewing the record and giving due deference to the district court's decision, we conclude that the district court did not abuse its discretion, and Sanders's sentence is both procedurally and substantively reasonable. The district court acted reasonably both with respect to its decision to sentence Sanders outside his advisory guideline range, and with respect to the extent of its divergence from that range.

5

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED